**FREEMAN MATHIS & GARY, LLP**
JOHN S. MOOT / Bar No. 106060
jmoot@fmglaw.com
DAVID G. MOLINARI / Bar No. 131843
dmolinari@fmglaw.com
225 Broadway, Suite 1460
San Diego, CA 92101
(619) 687-3000; FAX: (833) 314-4798

Attorneys for Plaintiffs
Thomas Talley, Mary Talley and
TALLEY AMUSEMENTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALLEY AMUSEMENTS, INC., THOMAS TALLEY, and MARY TALLEY<br><br>Plaintiffs,<br><br>v.<br><br>THE 32ND DISTRICT AGRICULTURAL ASSOCIATION<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CALIFORNIA PUBLIC CONTRACT CODE 10339(PCC), TEMPORARY AND PERMANENT INJUNCTION AND DECLARATORY RELIEF THAT A CONTRACT ENTERED INTO IN VIOLATION OF THESE PROVISIONS IS VOID** |

Plaintiffs Tom and Mary Talley and Talley Amusements Inc, allege as follows:

## PARTIES

1. Plaintiffs Tom Talley and Mary Talley are individuals and residents of Fort Worth, Texas.

2. Plaintiff Talley Amusements, Inc. (hereinafter Talley Amusements) is a Texas corporation with its principal place of business in Fort Worth, Texas. Talley Amusements is a full-service carnival operator who for the past 25 years supplied

1  carnival services to some of the largest fairs and festivals throughout the states of
2  California, Texas, Ohio, and Tennessee, including the State Fair of Texas, the
3  Southwestern Exposition, Livestock Show and Rodeo and the Ohio State Fair.
4  Between President Thomas Talley and Vice President Mary Talley who are the 50/50
5  owners of Talley Amusements, they have four generations of experience in the
6  carnival industry.

7  3.     Plaintiffs are informed and believe and thereon allege that defendant, the 32nd
8  District Agricultural Association (hereinafter the "32nd DAA") is a District
9  Agricultural Association formed pursuant to the Food and Agricultural Code with its
10 principal location and place of business at the OC Fair in Costa Mesa, California
11 within the United States District Court, Central Judicial District, Orange County
12 Division.

13 4.     By statute, the 32nd DAA is a California state institution that has perpetual
14 succession, has its own seal, and may sue and be sued in its own name. By statute,
15 each District Agriculture Association is to have a Board of Directors. The Directors
16 are appointed by the Governor. The 32nd DAA is a public agency required to
17 comply with the Bagley-Keene Open Meetings Act. Pursuant to Food and
18 Agricultural Code §4057, the State of California is not liable for any action,
19 obligation, commitment, contract, or premium that is offered or award that is made,
20 by any agricultural association such as the 32nd DAA.

21                          **JURISDICTION**

22 5.     On or about October 18, 2021, the 32nd DAA issued a Request for Proposal
23 (RFP) C-02-21 to award a contract for a Master Carnival Operator Contract for the
24 OC Fair Midways. The monetary value of this Contract is greater than $75,000 and
25 could be worth as much as $ 100 million dollars to the awardee. This court has
26 diversity jurisdiction pursuant to 28 USC section 1332.
27 / / /
28

-2-
COMPLAINT FOR VIOLATION OF CALIFORNIA PUBLIC CONTRACT CODE 10339(PCC), TEMPORARY AND PERMANENT INJUNCTION AND DECLARATORY RELIEF THAT A CONTRACT ENTERED INTO IN VIOLATION OF THESE PROVISIONS IS VOID

# FIRST CAUSE OF ACTION

## Violation of Public Contract Code 10339

6. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 5 as fully set forth herein.

7. On October 18, 2021, the 32nd DAA released RFP C-02-21 for Midway Master Carnival Operator for the entire OC Fair Midways. RFP C-02-21 21- set forth the MINIMUM EXPERIENCE AND QUALIFICATION provision that states:

> "3.02 MINIMUM EXPERIENCE AND QUALIFICATION
> 1. Contractor must have a minimum experience of holding a master carnival (midway)contract (responsible for management of rides, games, and concessions in the carnival midway area) at three (3) different fairs/locations within the last 3 years (2017-2019) with an attendance of 500,000 or greater at each fair.
> 2. Contractor must have experience holding a master contract utilizing an electronic ticket/redemption system and providing a cashless purchase/redemption option for rides and games at 3 (three) different fairs/locations within the last 3 years (2017-2019 with an attendance of 500,000 or greater at each fair.

8. RFP C-02-21 has been written in such a manner that only one operator, Ray Cammack Shows (RCS), can meet the MINIMUM EXPERIENCE AND QUALIFICATION required by RFP C-02-21.

9. The California Public Contract Code at section 10339(a) states "no state agency shall draft, or cause to be drafted, any invitation to bid or request for proposal, in connection with the awarding of a contract, in a manner that limits the bidding directly or indirectly to any one bidder." Section (b) provides, "Any contract awarded in violation of subdivision (a) shall be void."

10. Talley Amusements is an eminently qualified carnival operator that, as previously alleged, held a master carnival contract at some of the largest fairs in the country. Before the 22nd DAA recently changed its minimum qualifications provisions, Talley met the minimum experience and qualifications for the 5-week

1. San Diego County Fair, the 6th largest fair in the country in 2019 and larger than the OC Fair.

11. Prior to RFP C-02-21, and for the last 20 years, RCS, for whom this RFP has been exclusively written, held the master carnival contact for the OC Fair midways. During that 20-year period, the 32nd DAA did not subject this lucrative contract award to a competitive procurement process as required by Agricultural Code section 4051 (b)(1).

12. The 32nd DAA prepared the MINIMUM EXPERIENCE AND QUALIFICATION for RFP C-02-21 in such a matter so as to eliminate Talley Amusements and any other carnival operator except for RCS as a proposer for Midway Master Carnival Operator for the OC Fair. Neither Talley Amusements or anyone but RCS can meet the MINIMUM EXPERIENCE AND QUALIFICATION of RFP C-02-21. As such, RFP C-02-21 violates Public Contract Code (PCC) section 10339 which states that no state agency shall draft or cause to be drafted an RFP in a manner that limits bidding directly or indirectly to any one bidder. Pursuant to PCC sections 10339(b) and 10420, any contract awarded pursuant to RFP C-02-21 is void.

13. On October 25, 2021, the Chair and Board of Directors of the 32nd DAA was advised by email and regular mail that RFP C-02-21 violated the California Public Contract Code. Included with this correspondence to the 32nd DAA was a letter from a qualified expert with extensive experience in the management of fair operations attesting to the fact that the RFP minimum experience and qualifications eliminated all but one carnival operator. A copy of this letter was sent to the Attorney General of California, whose office would oversee enforcing the Public Contract Code. Neither the 32nd DAA nor the Attorney General has responded to this letter.

14. On November 5, 2021, the Chair and Board of Directors of the 32nd DAA was again by email and regular mail advised that RFP C-02-21 violated the California Public Contract Code. A request was made to place that matter concerning the RFP

1  on the Board of Directors Agenda for public comment and input along with the letter
2  from the fair expert. A copy of this letter is attached as Exhibit A. The 22nd DAA did
3  not respond to this letter or place the matter on its public agenda for their recent
4  meeting on November 18, 2021. A copy of this letter was also sent to the California
5  Attorney General.

6  15.  On November 5, 2021, in a letter to the Attorney General, Talley
7  Amusements requested the Attorney General bring a civil action to seek a
8  determination that RFP C-02-21 violates the Public Contract Code and seek a
9  temporary injunction as provided for in PCC 10421. As of the date of the filing of
10 this action, there has been no response to this request.

11 16.  Plaintiffs are informed and believe and thereon allege that the Attorney
12 General's office would be the state agency in charge of enforcing the Public Contract
13 Code and the violations of the Public Contract Code sections alleged herein.
14 Plaintiffs are also informed and believe that the Attorney General's office is also
15 staff counsel for the 32nd DAA with respect to the matters set forth herein, and
16 because of the State Bar of California rules pertaining to conflicts of interest and
17 maintaining the confidential communications of clients, the Attorney General's
18 office may not be able to bring a civil action pursuant to Public Contract Code
19 section 10421. As such, Plaintiffs bring this civil action to enforce the provisions of
20 section 10421 on behalf of the state.

## SECOND CAUSE OF ACTION
**Temporary Restraining Order, Preliminary Injunction and Permanent Junction**
**(Against the 32nd DAA)**

25 17.  Plaintiffs reallege and incorporate herein by reference each and every
26 allegation contained in Paragraphs 1 through 16 as fully set forth herein.

18. California Public Contract Code §10421 provides for a temporary injunction if the court finds substantial evidence of a violation of the Public Contract Code and authorizes the court to prevent any further dealings on the contract or other transaction pending the final determination of the merits of the case. As set forth in the First Cause of Action, the 32nd DAA has violated the Public Contract Code and a temporary injunction should issue.

19. Plaintiffs have no adequate remedy at law should the 32nd DAA seek to award a contract pursuant to RFP C-02-21 as they cannot meet the minimum experience and qualification in the RFP and thus would be precluded from a legal protest and challenge under the California Department of General Service rules and PCC 10345 and 10344 which limits the grounds that can be asserted in a protest. Due to the requirement to exhaust administrative remedies prior to filing an action in State Court, Plaintiffs cannot challenge a contract awarded pursuant to RFP C-02-21.

### THIRD CAUSE OF ACTION

**Declaratory Relief**

20. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 19 as fully set forth herein.

21 Plaintiffs are informed and believe, and thereon allege that an actual controversy exists between Plaintiffs and Defendant. Plaintiffs contend that RFP C-02-21 is illegal and violates the Public Contact Code as herein alleged and any contract awarded pursuant to it is void as provided in PCC 10421.

22. Plaintiffs are informed and believe, and thereon allege that Defendant 32nd DAA believes the RFP C-02-21 is legal and they can award a contract to RCS.

23. Plaintiffs desire a judicial determination of the respective rights and duties of Plaintiffs and defendants with respect to RFP C-02-21 and the award of the Midway Master Carnival Operator contract for the OC Fair Midways.

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1. A temporary restraining order and preliminary injunction, enjoining the 32nd DAA from issuing a contract for carnival services at the OC Fair Center Fair Midways.
2. A declaration that RFP C-02-21 violates the California Public Contract Code and any contract awarded pursuant to it is void.
3. An Order of an award of attorney fees to the extent permitted by law.
4. For costs of suits incurred herein.
5. For such other and further relief as the court deems proper.

Dated: November 30, 2021          FREEMAN MATHIS & GARY, LLP

                                  /s/ John S. Moot
                              By:_____
                                  JOHN S. MOOT
                                  DAVID G. MOLINARI
                                  Attorneys for Plaintiffs
                                  TALLEY AMUSEMENTS, INC.,
                                  THOMAS TALLEY, MARY TALLEY

**EXHIBIT "A"**



# FREEMAN MATHIS & GARY, LLP
## Attorneys at Law

225 Broadway
Suite 1460
San Diego, CA 92101-5052

Tel: 619.687.3000

www.fmglaw.com

**John S. Moot**
**Senior Counsel**

Writer's Direct Access
619.515.5405

jmoot@fmglaw.com

November 5, 2021

**VIA E-MAIL & U.S. MAIL**
32nd District Agricultural Association
88 Fair Drive
Costa Mesa, CA 92626
nrubalcava-garcia@ocfairboard.com, dlabelle@ocfairboard.com,
aaitken@ocfairboard.com, bbagneris@ocfairboard.com,
scervantes@ocfairboard.com, nkovacevich@ocfairboard.com,
mrafiei@ocfairboard.com, rruiz@ocfairboard.com

  Re: RFP C-02-21 dated October 18, 2021

Dear Chair, Rubalcava-Garcia and Board members:

  A week and a half ago I wrote you a letter reading RFP C-02-21. To date, I have not received any response from the 32nd DAA. The Minimum Qualification Provision of RFP C-02-21 has been written in such a manner that only one carnival operator in the entire United States, Ray Cammack Shows (RCS) can qualify. This is a clear violation of the Public Contract Code. Public Contract Code section 10339 states that no state agency shall draft or cause to be drafted an RFP in a manner that limits bidding directly or indirectly to any one bidder. Pursuant to Public Contract Code sections 10339 (b) and 10420, any contract awarded pursuant to RFP 21-03 would be void.

  By this letter I am requesting this matter be placed on your next agenda for public input and comment on RFP C-02-21. The public is likely unaware that the same provider who has had the master carnival for the last 20 years does not have to compete for the current contract because it has been written so only they can meet the minimum qualifications. A competitive procurement process is not only required by the Public Contract Code but essential to our free-market economy to ensure that the 32nd DAA receives the most revenue from this valuable public resource.

  Again, accompanying this correspondence is a letter from Richard Frenette, a qualified expert in the fair industry which verifies that the RFP as written violates the Public Contract Code. Mr. Frenette also notes the RFP as written does not allow the 32nd DAA to create competition and by doing so it does not allow the 32nd DAA to receive the best financial opportunities for the OC Fair.



November 5, 2021
Page 2

Mr. Frenette has an excellent reputation in the Fair industry. In the last case he testified in (*Save Our FairGrounds*, Case No 18-952-III), this is what the judge had to say about his testimony:

> "These opinions were provided by two experts: Charles Smith and Richard Frenette. Their qualifications and experience are vast and weighty. The Court rarely uses this term to describe experts but does in this case: these experts are eminent in their field. Their testimony was knowledgeable, understandable, and unshaken on cross examination. They were unbiased and clinical in their assessment… Each expert has years in the industry and vast experience all over the world with consulting, planning and operating large and small fairs of every description."

I would ask that when placing the matter on your next agenda that Mr. Frenette's letter be included with the agenda item. I am also sending with this letter my prior correspondence in the event you are working remotely and no longer have access to it.

Very truly yours,

**FREEMAN MATHIS & GARY, LLP**

*John S. Moot*

JOHN MOOT

cc: Robert Bonta, Attorney General, State of California



October 22, 2021

John Moot
Freeman Mathis & Gary, LLP
225 Broadway Suite 1460
San Diego, CA 92101

Dear Mr. Moot:

I, Richard Frenette have been asked to review and comment on the Request for Proposal (RFP) from the 32ND District Agricultural Association (32 DAA), RFP No. C-02-21 dated October 18, 2021.

I am presently the Founder and Chief Executive Officer of Fair Advantage. I provide support for the planning, finance, operation, and marketing for fairs and carnivals. I have been involved in fair management and fair consulting for over fifty years including being employed in senior management roles for four State Fairs three with attendance of over one million. I have consulted with over thirty fairs and presently I am contracted to manage the Independent Midway at the Iowa State Fair for the last four years.

I have been previously been qualified and testified as an expert witness for a case involving the fairgrounds in Nashville TN.

I have read RFP No. C-02-21 and refer to Section 3.02 titled "Minimum Experience and Qualifications.

Section 3.02 sub section 1 requires minimum experience of holding a master carnival contract at 3 different fairs in the past 3 years 2017-2019 with attendance of at least 500,000. There are only two carnivals that meet this experience in the United States. The carnivals are Ray Cammack Shows and Wade Shows.

Section 3.02 sub section 2 requires the contractor to have experience holding a master contract utilizing an electronic ticket/redemption system for rides and games at 3 different fairs in the past 3 years 2017-2019 with attendance of at least 500,000. Ray Cammack Shows is the only carnival that meets this requirement as Wade Shows does have an electronic ticket/redemption system but only uses it for rides.

Wade Shows presently does not travel as far west as California because of logistics and transportation costs. Oklahoma City is as far west as they presently travel.

My previous statements are based on my experience and knowledge of the fair and carnival industry along with certified information from carnivalwarehouse.com listing the carnivals playing the top 50 fairs in North America for the years 2017-2019.

I believe this RFP, as to the way it is written, eliminates all but one carnival who can respond and meet all of the required experience and qualifications. This, based on my experience, does not allow the 32nd DAA to create a competitive RFP. Nor does it allow the 32nd DAA to receive the best financial opportunities for the Orange County Fair without a competitive playing field. I personally do not feel the required experience of playing fairs with over 500,000 in attendance supports the notion they are better managed, more experienced, safer, have a superior presentation etc. over carnivals that play fairs with attendance under 500,000. This is not a fair or competitive assumption that eliminates some very qualified carnivals from responding to this RFP.

Also, the requirement of the electronic ticketing/redemption system as a measure of the quality of the carnival operation is another unfair assumption that eliminates some very qualified carnivals from responding to this RFP.

Sincerely;

*[signature]*

Richard Frenette/dba Fair Advantage
2647 33rd Ave
Eau Claire WI 54703
801-647-5202
www.rick@fair-advantage.com